IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WALTER W.,[1]

      **Plaintiff,**

  v.

      Civil Action 2:24-cv-4031

      Magistrate Judge Elizabeth P. Deavers

COMMISSIONER OF
SOCIAL SECURITY,

      **Defendant.**

## OPINION AND ORDER

Plaintiff, Walter W., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits ("DIB").  This matter is before the Court on Plaintiff's Statement of Specific Errors (SSE, ECF No. 10), the Commissioner's Memorandum in Opposition (Resp., ECF No. 11), Plaintiff's Reply (Reply, ECF No. 12), and the Administrative Record (R., ECF No. 9).  For the reasons that follow, the Court **SUSTAINS in part** Plaintiff's Statement of Errors (ECF No. 10), **REVERSES** the Commissioner of Social Security's nondisability finding and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

**I.    BACKGROUND**

Plaintiff filed his application for DIB on February 9, 2022, alleging that he has been disabled since August 6, 2021, due to severe anxiety with tremors, posttraumatic stress disorder

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

("PTSD"), major depression, and alcoholism. (R. at 171−77, 230.) Plaintiff's application was denied initially in May 2022 and upon reconsideration in September 2022. (*Id.* at 67−75, 77−85.) Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). (*Id.* at 108−109.) ALJ Nicholas J. Schwalbach held a telephone hearing on June 12, 2023. (*Id.* at 38−66.) Plaintiff, who was represented by counsel, appeared and testified at the hearing. (*Id.*) A vocational expert ("VE") also appeared and testified. (*Id.*) On July 3, 2023, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 14−37.) The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (*Id.* at 1−6.) This matter is properly before this Court for review.

II.     **RELEVANT RECORD EVIDENCE**

The Court has thoroughly reviewed the record in this matter. Instead of summarizing that information here, the Court will discuss it as necessary below.

III.    **ADMINISTRATIVE DECISION**

On July 3, 2023, the ALJ issued his decision. (R. at 14−37.) The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2027. (*Id.* at 20.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

2

"has not engaged in substantial gainful activity since August 6, 2021, the alleged onset date." (*Id.*) At step two, the ALJ found that Plaintiff has the following severe impairments: "depression, anxiety, PTSD, and a history of alcohol abuse." (*Id.*) The ALJ also found that Plaintiff has the following non−severe impairments: "lumbar radiculopathy, left knee disorder, gastroesophageal reflux disease (GERD), essential hypertension, hyperlipidemia, and obesity." (*Id.* at 24.) At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.* at 25.)

Before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels subject to the following nonexertional limitations: (1) understanding, remembering, and carrying out simple instructions; (2) performing routine tasks; (3) can perform goal−oriented work (e.g., office cleaner) but is unable to perform at a production rate pace (e.g., assembly line work); (4) making simple work−related decisions; (5) occasional superficial contact with coworkers and supervisors ("superficial contact" is defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or rendering advice); (6) no contact with the public as part of job duties; (7) occasional changes in an otherwise routine work setting explained in advance to allow time for adjustment to new expectations; and (8) no access to alcohol.

(*Id.* at 26.)

---

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Hensley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

3

At step four of the sequential process, relying on the VE's testimony, the ALJ determined that Plaintiff is unable to perform his past relevant work as a test driver. (*Id.* at R. 29.) At step five, relying on the VE's testimony, the ALJ concluded that Plaintiff can perform other work at all exertional levels, that exist in significant numbers in the national economy, such as a laundry worker, hospital cleaner, or a floor waxer. (*Id.* at 30–31.) The ALJ also found light exertional jobs that exist in significant numbers in the national economy, such as a routing clerk, merchandise marker or mail clerk. (*Id.* at 31.) The ALJ therefore concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, since August 6, 2021." (*Id.*)

## IV.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley*

4

*v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## V. ANALYSIS

The Court concludes that remand is required. Plaintiff generally contends that the ALJ erred in evaluating Plaintiff's mental impairments. (SSE, at PageID 1122.) Specifically, Plaintiff asserts that the ALJ did not identify substantial evidence to support the RFC determination, and that the ALJ failed to "evaluate the medical opinions, the prior administrative medical findings (PAMFs), and Plaintiff's allegations pursuant to the appropriate legal standards." (*Id.* at PageID 1138.)

The Commissioner counters that the ALJ "properly evaluated the mental health evidence in the record, including instances of improvement with treatment and normal mental status exam results." (Resp. at PageID 1156, 1159–68.) Additionally, the ALJ "properly evaluated the medical opinions in accordance with the regulations and properly considered the evidence relating to Plaintiff's alcohol use." (*Id.* at PageID 1156, 1169−70.)

Plaintiff replies that the Commissioner fails to demonstrate how the ALJ complied with the appropriate legal standards; the Commissioner's response to Plaintiff's assertion of error regarding the ALJ's evaluation of his alcohol use is based on "legal errors and a mischaracterization of the evidence"; and reiterates his arguments from his Statement of Errors. (Reply, at PageID 1173–81.)

5

The Court finds, as discussed below, that there is not substantial evidence to support the ALJ's finding that Jennifer VanHorn, LPCC ("VanHorn") and Leslie Pulver's, APRN-PMHNP ("Pulver"), opinions regarding Plaintiff's mental functioning were not persuasive based on their lack of supportability. This finding obviates the need for in-depth analysis of the remaining issues. Thus, the Court need not, and does not, resolve the alternative bases that Plaintiff asserts support reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's other arguments if appropriate.

A. **Treating Opinions of VanHorn and Pulver**

Plaintiff argues that the ALJ did not comply with the supportability factor and did not accurately characterize the record when considering this factor as applied to the medical opinions of VanHorn and Pulver with regard to Plaintiff's mental functioning. (SSE, at PageID 1141–42.) The Commissioner does not address Plaintiff's contention that the ALJ mischaracterized the record. Instead, the Commissioner points to specific record cites that the ALJ purportedly relied on in applying the supportability factor to VanHorn and Pulver's opinions. The Court finds those specific record cites in the ALJ's decision do not provide substantial evidence and do not adequately analyze the supportability factor as applied to VanHorn and Pulver's opinions. The Court concludes that there is not substantial evidence to support the ALJ's finding that VanHorn and Pulver's opinions regarding Plaintiff's mental functioning were not persuasive based on their supportability.

A claimant's RFC is an assessment of "the most [a claimant] can still do despite [his] imitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). An ALJ must assess a claimant's RFC based on all the relevant evidence in a claimant's case file. *Id.* The governing regulations[3]

---

[3] Plaintiff's application was filed after March 27, 2017. (R. at 270–282.) Therefore, it is governed by revised regulations redefining how evidence is categorized and evaluated when an

6

describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5), 416.913(a)(1)–(5). Objective medical evidence is defined as "medical signs, laboratory findings, or both." 20 C.F.R. §§ 404.1513(a)(1), 416.913(a)(1). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

"Medical opinion" is defined as follows:

> (2) Medical opinion. A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions. . . .
>
> (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;
>
> (iii) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>
> (iv) Your ability to adapt to environmental conditions, such as temperature extremes or fumes. . . .

§§ 404.1513(a)(2), 416.913(a)(2).

The governing regulations include a section entitled "[h]ow we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017." 20 C.F.R. §§ 404.1520c, 416.920c. These regulations provide that an ALJ "will not

---

RFC is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c (2017).

defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, they provide that an ALJ will consider medical source opinions and prior administrative findings using five factors: supportability, consistency, relationship of source to claimant, specialization, and other factors tending to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The regulations explicitly indicate that the "most important factors" to consider are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Indeed, the regulations require an ALJ to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings" in a benefits determination or decision and allows that the ALJ "may, but [is] not required to, explain how [they] considered" the other factors. *Id.* If, however, two or more medical opinions or prior administrative medical findings are equal in supportability and consistency "but are not exactly the same," an ALJ must also articulate the other most persuasive factors. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). In addition, when medical sources provide multiple opinions or multiple prior administrative findings, an ALJ is not required to articulate how he evaluated each opinion or finding individually but must instead articulate how he considered the opinions or findings from that source in a single analysis using the five factors described above. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Finally, the regulations explain that the ALJs are not required to articulate how it considered evidence from non-medical sources. 20 C.F.R. §§ 404.1520c(d), 416.920c(d).

8

The applicable regulations provide the following guidance for how ALJs should evaluate the "supportability" and "consistency" of medical source opinions and prior administrative findings:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). In practice, this means that the "supportability" factor "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, No. 5:20-CV-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citing SSR 96-2p, 1996 SSR LEXIS 9 (July 2, 1996) (explaining supportability and inconsistency); 20 C.F.R. § 404.1527(c)(3), (4) (differentiating "supportability" and "consistency"); 20 C.F.R. § 404.1520c(c)(1), (2) (further clarifying the difference between "supportability" and "consistency" for purposes of the post-March 27, 2017 regulations)). "In other words, "supportability" is the extent to which a medical source's own objective findings and supporting explanations substantiate or support the findings in the opinion." *Goodman v. Soc. Sec. Admin.*, 2024 WL 623894, at *14 (N.D. Ohio Feb. 14, 2024).

Against that backdrop, the ALJ provided the following discussion and analysis of VanHorn and Pulver's opinions:

> Both [Plaintiff]'s therapist, Jennifer Van Horn, LPCC and psychiatric nurse practitioner, Leslie Pulver, APRN−PMHNP, submitted mental impairment questionnaires in October 2022 and November 2022, respectively (Exhibits 6F / 10F at 2−3). In their assessment of [Plaintiff]'s mental functioning, Ms.

9

> Van Horn and Pulver rated [Plaintiff]'s work−related capabilities as ranging from "mild" to mostly "extreme" and found that he can be expected to be absent from work 4 days or more per month due to ongoing issues with depression and severe anxiety and panic attacks. But any more than a "moderate" degree of limitation is not supported by evidence in [Plaintiff]'s treatment records including objective findings documented in Ms. Van Horn and Pulver's office visit notes. For example, among [Plaintiff]'s struggles are panic attacks and depressed mood, which he alleges impact his ability to meet his needs independently (Exhibit 7F at 18) and are obstacles to sobriety (Exhibit 4F at 90). Nevertheless, on examination, he maintains social relatedness with normal speech and attitude and behavior described as cooperative and normal (Exhibits 4F / 7F). There are no objective findings of psychosis or indication of any thought content abnormalities such as paranoia or hallucinations in treatment records outside for an acute period in March 2023 (Exhibits 4F at 392 / 7F at 60, 109). Notably, during [Plaintiff]'s sobriety, affect brightened and mood improved to euthymic (Exhibit 4F at 90, 100, 122, 132, 138, 173). [Plaintiff] also exhibits normal attention/ concentration abilities (Exhibit 4F at 461, 498) which stands in contradiction to Ms. Van Horn and Pulver's suggestions of an extreme level of limitation in that functional area.
>
> ***
>
> Thus, a fair reading of the record does not demonstrate that Ms. Van Horn and Pulver's findings are indicative of the claimant's ordinary level of psychological functioning as reflected in progress notes, and as such, their opinion evidence is not persuasive.

(R. at 21–22.)

Within this discussion, the ALJ failed to sufficiently discuss the supportability of VanHorn and Pulver's opinions—i.e., the ALJ did not adequately discuss whether or not VanHorn and Pulver's "own objective findings and supporting explanations substantiate or support the findings in the opinion"—such that the Court cannot find substantial evidence to support the ALJ's finding that VanHorn and Pulver's opinions were not persuasive regarding Plaintiff's mental functioning. *Goodman*, 2024 WL 623894, at *14. Instead, the ALJ primarily discussed VanHorn and Pulver's assessments of Plaintiff's mental functioning in contrast to other treatment providers findings and notes.

10

The ALJ cites generally to Exhibits 4F and 7F in support of his conclusion that "any more than a "moderate" degree of limitation is not supported by evidence in [Plaintiff]'s treatment records including objective findings documented in Ms. Van Horn and Pulver's office visit notes." Exhibits 4F and 7F, however, are 513 pages and 111 pages, respectively, and include opinions and notes from a variety of medical professionals. The Court cannot discern what evidence the ALJ relies on for his conclusion that VanHorn and Pulver's opinions are not persuasive from these general citations. *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021) ("It is not the role of a reviewing court to comb the record and imagine manifold ways in which the factors could have been applied to the evidence that was presented."); *Stemple v. Kijakazi*, No. 1:20-CV-485, 2021 WL 4060411, at *8 (N.D. Ohio Sept. 7, 2021) ("Where the ALJ's decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded.") (quoting *Castello v. Comm'r of Soc. Sec.*, 5:09 CV 2569, 2011 WL 610590, at *2 (N.D. Ohio Jan. 10, 2011)).

The ALJ also fails to address the supportability factor through his citations to specific pages in the record with one exception, discussed below (Exhibit 4F at 461, 498).[4]

- Exhibit 4F at 392: Mental Status Exam authored by Ms. Brey; and
- Exhibit 4F at 90, 100, 122, 132, 138, 173: Group Progress Notes authored by Mr. Rumer.

---

[4] The Court notes that the ALJ cites to Exhibit 7F at 60 and 109, which are pages from Individual Progress Notes authored by VanHorn. (R. at 979, 1028.) This citation, however, is in support of the ALJ's contention that "[t]here are no objective findings of psychosis or indication of any thought content abnormalities such as paranoia or hallucinations in treatment records outside for an acute period in March 2023. . . ." (*Id.* at 21.) Plaintiff alleges he is disabled because of his anxiety, PTSD, depression, and alcohol addiction. (*Id.* at 230.) The ALJ asserts that VanHorn and Pulver's mental impairment questionnaires assessed Plaintiff's limitations relating to his depression, severe anxiety, and panic attacks. (*Id.* at 21.) The Court cannot determine how this psychosis note is relevant to the ALJ's determination of Plaintiff's actual impairments— depression; anxiety; PTSD; and a history of alcohol abuse—or why the ALJ relied on it to support his finding that VanHorn and Pulver's opinions were not persuasive. (*Id.* at 20.)

(R. at 471, 481, 503, 513, 519, 553, 773, 836, and 876.) These specific citations do not reference Vanhorn or Pulver's findings or notes.

Disregarding the irrelevant discussion supported by these citations, the Court is left with one sentence containing two citations to two pages from Ms. Pulver's Progress Notes to evaluate whether there is substantial evidence to support the ALJ's finding. (R. at 21, citing to Exhibit 4F at 461, 498.) This is far from sufficient. The supportability analysis "requires 'sufficiently detailed articulation' of application of those factors in which the ALJ must 'show [their] work, i.e., to explain in detail *how the factors actually were applied* . . . to each medical source.'" *Huizar v. Comm'r of Soc. Sec.*, 610 F. Supp. 3d 1010, 1020 (E.D. Mich. 2022) (emphasis in origingal) (quoting *Hardy*, 554 F.Supp.3d at 909).

In sum, the ALJ failed entirely to articulate how he applied the supportability factor to VanHorn's opinion, and he failed to provide detailed articulation of how he applied this factor to Pulver's opinion. "It cannot be said, therefore, that substantial evidence supports the determination that the opinions of [Plaintiff's] regular treating doctors were unpersuasive" with regard to Plaintiff's mental functioning. *Hardy*, 554 F. Supp. 3d at 909. Accordingly, the Court finds that remand is necessary.

VI. **CONCLUSION**

Based on the foregoing, Plaintiff's Statement of Errors (ECF No. 8) is **SUSTAINED in part**. The decision of the Commissioner is therefore **REVERSED** and this action is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this case pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.


**Date: September 29, 2025**             */s/ Elizabeth A. Preston Deavers*
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **UNITED STATES MAGISTRATE JUDGE**